ESTHER S. GELDERT *vs.* SAMUEL USHER & another, executors.

Suffolk.   November 21, 1923. — March 3, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, & CARROLL, JJ.

*Trust,* Constructive. *Executor and Administrator.   Limitations, Statute of.   Equity Jurisdiction,* To enforce constructive trust against executors, To revive claim barred by statute of limitations. *Equity Pleading and Practice,* Bill.

In a bill in equity against the executors of a will, which was brought more than one year after the executors had filed their official bond, the plaintiff alleged in substance that she had conveyed certain real estate to the plaintiff's testator which he was to hold as security for a debt, although the deed did not so state, and that income from the real estate was to be applied in payment of the loan and, when it was fully paid, the property was to be reconveyed to the plaintiff; that the testator rendered no account to the plaintiff, and that the defendants had obtained a license to sell and had sold the real estate.   Prayers of the bill were that a trust in favor of the plaintiff be declared of the proceeds of the sale and of the profits from the maintenance of the real estate, for an accounting, and for damages " for the breach of trust by these defendants in selling said property as aforesaid."   Upon a demurrer by the defendants, it was *held,* that the claims of the plaintiff as to profits and the value of the land were demands against the defendants and not against the testator, and were barred by G. L. c. 260, § 11.

Cases of constructive trust are subject to G. L. c. 260, § 11.

Section 10 of G. L. c. 197, permitting a creditor who has not been chargeable with culpable negligence to bring a suit in equity to enforce a claim against an estate which he has failed to prosecute within one year from the appointment of the personal representative, does not apply to the enforcement of a demand against an executor, but applies only to the enforcement of a debt owed by the decedent at the time of his death.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 13, 1922, and afterwards amended, to establish a trust in funds in the hands of the defendants, executors of the will of William N. Hartshorn, late of Cambridge, for an accounting as to receipts and expenditures of every name and nature made by the defendants' testator or the defendants on said property, that damages be awarded to the plaintiff " for the breach of trust by these defendants in selling said property," and that a

trust be declared in " funds now in the hands of the defendants the proceeds of said sale of said real estate and of the net profits from operation thereof in favor of this plaintiff."

Material allegations of the bill are described in the opinion. The defendants demurred on the ground, among others, that it appeared from the bill that the cause was not brought within the period of limitations fixed by G. L. c. 260, § 11, and that there was nothing to take the case out of the operation of that statute. The demurrer was heard by *Pierce,* J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiff appealed.

*A. W. Blakemore,* for the plaintiff.

*A. W. Rockwood,* for the defendants.

CARROLL, J. The plaintiff alleges in her bill that on December 18, 1914, she conveyed certain real estate to one Hartshorn, by an instrument in writing which contained this provision: " This deed is given to the grantee subject to a mortgage assigned to said William N. Hartshorn, which mortgage is still to remain in force as if this deed had not been given, except that any sum received from rents or income, or from any other source from this estate, above expenses and charges, together with any amounts expended in repairs shall be deducted from the amount due on mortgage note given to Thomas Arnold and assigned to said William N. Hartshorn with said mortgage. Notice is hereby given of incumbrances of record." She also alleges that Hartshorn died in the year 1920 and that the defendants duly qualified as his executors on January 7, 1921; that the deed to Hartshorn was security for a loan of $1,000; that he was to hold the property and the rents collected as security, and after payment of the loan and the charges of operating the property, to convey the property to the plaintiff; that the net profits have been sufficient to pay the loan, " the mortgage on said property, and a substantial sum in addition "; that Hartshorn rendered no account to the plaintiff, and that the defendants on June 8, 1921, obtained a license to sell and " did shortly thereafter sell said real estate . . . for $3,250, subject to a mortgage then alleged

to be $6,250, all without notice to this plaintiff; that said price was inadequate; " and that the net profits since 1914, have been sufficient to pay the mortgage and other indebtedness.

The plaintiff prayed for an accounting, that damages be awarded her for breach of trust of the defendants in selling the property; that they be ordered to pay the net profits due her; that the value of the equity above the mortgage be assessed and charged to the defendants; that they be ordered to pay this sum to her; and that a trust be declared " in the funds now in the hands of the defendants." The bill was filed December 13, 1922. The defendants' demurrer was sustained and the plaintiff appealed.

Hartshorn died in the year 1920. On June 8, 1921, the defendants obtained a license to sell and did sell the property. The plaintiff's bill was filed December 13, 1922, more than one year after the sale. The bill is brought to recover the surplus rents received by the defendants and the value of the land sold by them, it being alleged that the deed to Hartshorn was given merely as security. The plaintiff does not seek to recover because of Hartshorn's acts, and it does not appear that when he died sufficient funds had been collected to pay the plaintiff's indebtedness. The claims of the plaintiff, both as to the profits and the value of the land, are demands against the defendants, and not against Hartshorn.

Under G. L. c. 260, § 11, the claims against the defendants are barred, that statute providing that an action founded on any contract " or act done " by any person acting as an executor, administrator, or other legal representative of an estate of a deceased person, shall be brought within one year. The title of Hartshorn as an alleged mortgagee vested in the defendants as his executors. *Nathan Miller & Sons, Ltd.* v. *Blinn,* 219 Mass. 266, 271. They had the right to collect rents, *Holman* v. *Bailey,* 3 Met. 55, 57, and the property was sold by them. These acts of the defendants occurred more than one year before the bill was filed.

The statute speaks of an action, and an action, ordinarily, refers to a proceeding at law. *Farnam* v. *Brooks,* 9 Pick.

212, 242. The general statute of limitations in this Commonwealth applies to suits in equity. Cases of constructive trusts are subject to the statute. The plaintiff's claim in this suit in equity for the net profits of the estate and its value is barred by the statute. See *Farnam* v. *Brooks, supra; Ela* v. *Ela,* 158 Mass. 54; *Bremer* v. *Williams,* 210 Mass. 256.

It is also alleged in the bill that the plaintiff in September, 1921, knew that the defendant sold the real estate; that she then wrote the defendant Andem asking for an account; that she told him she was going to bring suit and immediately consulted a member of the bar who, " after some delay told her that he was too busy to take her case;" and that later she consulted another lawyer " who, after some delay, on December 20, 1921, wrote her a letter declining to act." These allegations, apparently, are made to bring the case within G. L. c. 197, § 10. By that statute in a bill in equity, filed by a creditor whose claim had not been prosecuted within the time limited by G. L. c. 197, § 9, if the creditor is not chargeable with culpable negligence he may be given judgment for the amount of his claim. This statute, however, applies only to creditors of a deceased debtor. It has no application to a creditor whose cause of action arises from the acts of an executor.

The frame of the plaintiff's bill is not to redeem from the deed, alleged to be in effect a mortgage, which was given to Hartshorn; the title thereunder is stated to be outstanding in the name of third persons who are not parties to the suit. The plaintiff's suit is based on the acts of the executor, and G. L. c. 197, § 10, does not help her. *Nashua Savings Bank* v. *Abbott,* 181 Mass. 531, relied on by the plaintiff, had reference to what is now G. L. c. 197, § 9, and was decided before the year 1911, when St. 1911, c. 147, was passed; see St. 1914, c. 699, § 3, now G. L. c. 260, § 11.

The interlocutory decree sustaining the demurrer and the final decree dismissing the bill are affirmed.

*Ordered accordingly.*