TOWN OF MILFORD *vs.* ANITA J. CASAMASSA, administratrix.

Worcester. September 22, 1959. — November 6, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Executor and Administrator,* Taxes, Limitation of actions. *Taxation,* Decedent relieved of taxes. *Limitations, Statute of.*

G. L. c. 59, § 5A, as amended through St. 1948, c. 541, pertaining to taxes of which a decedent was relieved in his lifetime under § 5, Seventeenth or Eighteenth, creates a new obligation of his personal representative payable from his estate arising only at or after his death, to which obligation the short statute of limitations, G. L. c. 197, § 9, is not applicable.

CONTRACT. Writ in the Superior Court dated April 3, 1957.

The action was heard by *Meagher, J.,* upon a case stated.

*Joseph A. Gattoni,* for the defendant.

*Anthony N. Compagnone,* for the plaintiff.

CUTTER, J. On April 3, 1957, more than one year after the defendant's appointment on March 26, 1956, as administratrix of the estate of Maddalena Casamassa, this action of contract was brought under G. L. c. 59, § 5A (as amended through St. 1948, c. 541),[1] to recover the amount of the taxes hereinafter mentioned. The decedent died on

---

[1] Section 5A, as so amended, reads: "In the event that a person is relieved of taxation under . . . clause Seventeenth or . . . clause Eighteenth of section five, upon his death his estate, to the extent that it exceeds his debts, reasonable funeral and burial expenses and reasonable expenses of administration, shall be chargeable with the amount of taxes from which he is so relieved with interest at the rate of six per cent per annum from the date *of his death. His estate shall be so chargeable notwithstanding the time when such taxes were assessed; provided, however, that they were assessed on or after January first, nineteen hundred and forty-two.* The assessors shall annually compute the amount of such taxes, record the same and, upon the death of the person relieved, commit the aggregate amount to the collector upon a special warrant, and such collector shall present the claim for payment in the same manner as provided for presentation of claims of creditors of the estate and have like power to bring suit thereon" (emphasis supplied). The italicized words first appeared in the 1948 amendment.

December 12, 1955.  During her life, she had been relieved in the years 1943 to 1955, of real estate taxes under the exemption provided by G. L. c. 59, § 5, Seventeenth and Eighteenth.[2]  These taxes, with interest, amounted in the aggregate to $1,183.16.  The assessors of the town annually computed and recorded the taxes.  They committed to the tax collector the aggregate amount of the taxes "at the appropriate time," which, under § 5A, would have been after the decedent's death.  Bills were mailed to the administratrix by the collector but were never paid.

The administratrix in her answer pleaded the short statute of limitations found in G. L. c. 197, § 9, as amended by St. 1954, c. 552, § 1.[3]  The facts were set forth in a "case stated" and it "is agreed that the only question . . . is . . . [w]hether . . . collection . . . is barred by the short statute of limitations."  The trial judge "found" for the town and the administratrix has appealed.

The short statute of limitations (§ 9) in terms applies only to actions brought by creditors of the deceased.  It does not apply to a proceeding to enforce a debt of an administrator arising after his decedent's death.  *Dallinger* v. *Davis*, 149 Mass. 62, 63.  See *Geldert* v. *Usher*, 248 Mass. 323, 326; Newhall, Settlement of Estates (4th ed.) § 189, at p. 555.  The conclusion of the trial judge was proper if no provision of § 5A makes the short statute of limitations (§ 9) applicable to this claim for taxes, and if the obligation is one,

[2] Section 5, Eighteenth, as amended by St. 1941, c. 227, § 2, exempts from local taxation: "Subject to section five A, the polls and any portion of the estates of persons who by reason of age, infirmity and poverty are in the judgment of the assessors unable to contribute fully toward the public charges."  Clause Seventeenth (as amended by St. 1954, c. 351; see, for earlier provisions, St. 1941, c. 227, § 1) provides for a similar exemption for certain widows, minors, and persons over the age of seventy, under circumstances which need not be recited here.

[3] Section 9, as so amended, reads in part: ". . . an . . . administrator shall not be held to answer to an action *by a creditor of the deceased* which is not commenced within one year from the time of his giving bond [subject to certain further conditions not here relevant] . . . .  The probate court may allow creditors further time for bringing actions, not exceeding two years from the time of the giving of . . . official bond by such . . . administrator, provided that application . . . be made before the expiration of one year from the . . . approval of the bond" (emphasis supplied).

No claim is made that G. L. c. 260, § 11, presents any bar to the present action.

imposed upon the estate or upon the administratrix payable out of the estate, arising after the decedent's death. On the other hand, if the present action seeks only to enforce taxes which were solely debts of the decedent, or if § 9 has been expressly made applicable to claims under § 5A, then § 9 is an effective bar to recovery. The matter is obviously one of the correct interpretation of G. L. c. 59, § 5A, as amended, the legislative history of which is set out in the margin.[4]

The administratrix relies strongly upon *Bartlett* v. *Tufts*, 241 Mass. 96. In that case, the defendant's testator, who died May 15, 1916, was assessed as of April 1, 1916, a poll tax and a real estate tax. The executrix, who qualified on July 15, 1916, paid these taxes on October 11, 1916. On December 20, 1916 (under a predecessor of what is now G. L. c. 59, § 75), the assessors "levied . . . a tax" on certain recently discovered personal property by a so called "omitted" assessment. An action was brought to collect this tax on April 4, 1919. This court held that the "action, not having been begun within one year after the bond had been given," was barred. The opinion referred (at p. 99) to St. 1909, c. 490, Part II, § 34 (now G. L. c. 60, § 36), authorizing suit against an administrator to recover a tax, where "a person assessed . . . dies . . . before the payment thereof," and to § 33 of Part II (now, in somewhat changed form, G. L. c. 60, § 35, as amended through St. 1946, c. 251, § 1) authorizing a tax collector, if (as the

---

[4] What is now § 5A was first inserted by St. 1941, c. 227, § 3, based on 1941 House Bills Nos. 495 and 2340. As then enacted, the first sentence of § 5A read: "In the event that a person is relieved of taxation under any provision of clause Seventeenth or of clause Eighteenth of section five, upon his death his estate, to the extent that it exceeds his debts, reasonable funeral and burial expenses and reasonable expenses of administration, shall be chargeable with the amount of taxes from which he is so relieved with interest at the rate of six per cent per annum from the date *when such taxes except for such relief would have been due*" (emphasis supplied). This first sentence was revised (by striking out the italicized words and inserting the words "of his death") by St. 1948, c. 541, enacted upon the basis of 1948 House Bills Nos. 724 and 1899, as amended in the Senate on June 3, 1948. See 1948 Senate Journal, pp. 572, 1113. Chapter 541 also inserted the second sentence of the present § 5A (see footnote 1, *supra*). House Bill No. 724, as filed, merely provided that the "statute of limitations shall not apply to actions brought under" § 5A. No specific explanation for the changes in language, which brought about the ultimate form of St. 1948, c. 541, appears in its legislative history.

statute then stood) a tax "remains unpaid for three months after it has been committed . . . [to] maintain an action . . . against the person assessed therefor in the same manner as for his own debt." The court (at p. 98) stated that the December "omitted" tax should "be regarded [not] as a separate tax" but as a "part of the original tax levied as of April 1, 1916, when the testator was living," and concluded (at p. 99) that the "tax remaining unpaid for three months after it had been committed, the plaintiff had [under § 33 of the 1909 statute] the remedial rights of a creditor, and this limitation [that of the short statute] is as applicable to him as to other creditors of the testator." The court thus apparently viewed the December assessment as a part of the tax debt of the testator arising as of April 1, 1916, while the testator was still alive, so that the decision would not necessarily control a proceeding under present § 5A, if that section creates a debt of the administratrix or of the estate as of a date on or after the decedent's death.

*Bartlett* v. *Tufts, supra,* relies substantially on *Rich* v. *Tuckerman,* 121 Mass. 222. This also, as the original papers show, was a case of attempted "recovery of taxes assessed upon a person who has died [after the assessment date], against his administrator." Recovery was held to be barred by the short statute of limitations. In *Dallinger* v. *Davis,* 149 Mass. 62, on the other hand, recovery of a tax assessed to an executrix against the personal estate of her testatrix, as of assessment dates after the executrix gave bond, was held not barred by the short statute of limitations.

The language of § 5A, both as originally enacted in 1941 (see footnote 4, *supra*) and as amended in 1948, does not clearly state whether the recovery authorized by the section is (a) of the original taxes which would have been assessed during the deceased taxpayer's life except for the exemptions under c. 59, § 5, Seventeenth and Eighteenth, or (b) of a new obligation of the personal representative of the deceased taxpayer or of the estate arising under § 5A only upon death of the taxpayer, enforceable to the extent

of any excess of the estate above the "debts, reasonable
funeral and burial expenses and reasonable expenses of ad-
ministration." We conclude that the latter interpretation
is that intended by the Legislature. Section 5A requires
payment of the amount of the taxes of which the decedent
was "relieved" only if the estate exceeds, among other
items, the decedent's "debts." The first sentence of § 5A
thus in terms does not treat the amounts to be recovered
as among the "debts" of the decedent. This circumstance
and the statutory phrase in § 5A, that "upon his death his
[the decedent's] estate . . . shall be chargeable," both sug-
gest that the obligation under § 5A arises only upon or
after the death of the decedent when the "debts" are as-
certainable. The fact that, under the 1948 amendment,
interest begins to run only at the death of the decedent also
supports the view that the obligation then arises.

The same result is indicated by the fact that c. 59, § 5,
Seventeenth and Eighteenth, treat property like that here
involved as "exempt from taxation" prior to the death of
the decedent. To be sure the exemption is expressed as be-
ing "[s]ubject to section five A." This phrase, however,
we interpret as meaning merely that the exemption per-
sists while the decedent lives, subject to a right of recovery,
after the decedent's death, of a sum equal to the principal
amount which would have been collected from the decedent,
except for the exemptions, under circumstances stated in
§ 5A, which will be ascertainable only when the taxpayer
dies. We view § 5A as permitting recovery, not of the orig-
inal tax from which the decedent was exempted or relieved,
but of a new liability committed to the collector "upon a
special warrant." The original tax, we think, never came
into being during the decedent's life either because it was
never assessed or because, subject to § 5A, it was extin-
guished by abatement. We find nothing in the use of the
word "assessed" in the second sentence of § 5A as amended
in 1948 (see the italicized complete sentence, footnote 1,
*supra*) which implies more than that the provisions of § 5A
shall apply to any taxes of which the decedent was relieved

after January 1, 1942, regardless of the year in which the exemption was granted.

It remains for us to consider the provision of the final sentence of § 5A that the "collector shall present the claim for payment in the same manner as provided for presentation of claims of creditors *of the estate* and have like power to bring suit thereon" (emphasis supplied). If this sentence remits a tax collector to the remedies available to a creditor of the decedent who became such during the decedent's life, then *Rich* v. *Tuckerman,* 121 Mass. 222, would suggest that the short statute of limitations would be applicable. The considerations, however, leading to the conclusion that the first two sentences of § 5A created an obligation of the administratrix payable from the estate arising after the decedent's death also lead to the conclusion that the last sentence of § 5A was designed to give to the tax collector the remedies ordinarily given to one who acquired, after the death of a decedent, an obligation of the personal representative payable from the estate. To such obligations, c. 197, § 9, has no application.

Although the language of § 5A, as amended in 1948 and as in force on the date of the decedent's death, somewhat more definitely points to the conclusion which we reach than does that of the section as adopted in 1941, we attribute no special significance to the fact (see footnote 4, *supra*) that the 1948 amendment grew out of a bill which would have made all statutes of limitation inapplicable to actions under § 5A. The reasons for the substantial changes in language made during the consideration of the 1948 amendment are too obscure to justify much reliance on the language of the original 1948 bill as an aid to interpretation.

*Order for judgment affirmed.*