DEPARTMENT OF PUBLIC WELFARE *vs.* HENRY A.
ANDERSON, executor
(and a companion case between the same parties).

Essex and Suffolk. September 15, 1978. — January 4, 1979.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Limitations, Statute of. Executor and Administrator*, Governmental
claims, Short statute of limitations. *Words*, "Creditor."

The Commonwealth, in seeking to recover the cost of medical assis-
tance provided a deceased during her lifetime under G. L. c. 118E,
§ 16, stood as a creditor of the deceased and not a creditor of the
estate. [27-32]

The short statute of limitations, G. L. c. 197, § 9, applies to the Com-
monwealth when the Commonwealth is a creditor of the deceased.
[32-35]

PETITION filed in the Probate Court for the county of
Essex on January 4, 1973.

The case was heard by *Mayo*, J.

CONTRACT. Writ in the Superior Court dated December
14, 1973.

Questions of law were reported by *Linscott*, J., to the
Appeals Court. The Supreme Judicial Court granted re-
quests for direct appellate review.

*Jeffrey S. Ogilvie*, Special Assistant Attorney General,
for the Department of Public Welfare.

*John S. Legasey* for Henry A. Anderson, executor.

LIACOS, J. The Department of Public Welfare (depart-
ment) seeks to recover from the estate of Aini Anderson,
under G. L. c. 118E, § 16, the cost of medical assistance
provided her during the last five and one-half years of her
life. For this purpose the department presented a claim
to the executor of the estate and also commenced an ac-

tion at law now before the Superior Court. The executor declined to pay the claim. The Probate Court allowed the first and final account, which made no provision for such payment, over the objection of the department. The department claimed an appeal from that judgment and applied for direct appellate review, which we have allowed. Meanwhile, the action was still pending in the Superior Court. After the Probate Court judge's decision, the Superior Court judge reported several questions of law. The appeal and report have been consolidated for hearing.

Both the Probate Court judgment and the report by the Superior Court rest on effectively identical stipulations of fact. The agreed facts are: In January, 1967, the testatrix (Aini Anderson) suffered a stroke and thereafter was confined to a nursing home. On August 4, 1967, at age seventy-five, she applied for medical assistance benefits, which the department provided from that date until the date of her death, December 23, 1972. The total amount of the benefits provided was $20,155.81. After the testatrix's death, the Probate Court appointed her son, Henry A. Anderson, and his wife, Jessie B. Anderson, executors and approved their bond without sureties on February 8, 1973. On April 7, 1973, Jessie B. Anderson died.

At the time of the testatrix's death, her sole asset was a house located at 15 Jasper Street, Beverly, Massachusetts, which the executor duly sold for $22,900 on March 21, 1973.

General Laws c. 118E, § 16, inserted by St. 1969, c. 800, § 1, approved August 24, 1969, and effective ninety days thereafter, provides: "There shall be no adjustment or recovery of medical assistance correctly paid, except from the estate of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age twenty-one or is blind or permanently and totally disabled. In no event shall any action to recover be brought except with the written approval of the department."

On January 9, 1973, the Beverly welfare service office sent a memorandum to the division of legal services for the department captioned, "Recovery from Estate of Aini Anderson, b. 8/5/92." On March 26, 1973, the then Commissioner of the Department of Public Welfare transmitted to welfare service offices medical assistance letter 71 instructing workers that "[w]henever a recovery [of medical assistance funds] is possible the worker shall complete a Probate Information Form (LEG-2) and mail it to the Legal Division . . . . This referral must be made promptly because time for Probate Court action is limited." No such completed form appeared in the record. On December 14, 1973, ten months after the executor gave bond, the department filed a notice of claim in the amount of $20,-155.81 with the executor and Probate Court for medical assistance provided the testatrix. On that same day, it also commenced an action on its claim in the Municipal Court of the City of Boston, which was then removed to the Superior Court in Suffolk County by the defendant executor.

The executor refused the department's claim on the grounds that neither the notice of claim nor the commencement of the civil action occurred before the expiration of the nine-month limitation set by G. L. c. 197, § 9.[1] He thus proceeded to apply the assets of the estate to the

---

[1] The version of the short statute applicable here is G. L. c. 197, § 9, as appearing in St. 1972, c. 256, which was approved on May 11, 1972, and effective ninety days thereafter. In pertinent part it provides: "Except as provided in this chapter, an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within nine months from the time of his giving bond for the performance of his trust, or to such an action which is commenced within said nine months unless before the expiration thereof the writ in such action has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate." For the current version of G. L. c. 197, § 9, see St. 1976, c. 515, § 15, as amended by St. 1977, c. 76, § 2.

payment of debts, expenses, fees of administration, and distribution to the heirs. On April 27, 1977, the executor moved in Probate Court for the allowance of his first and final account. After receiving proper notice, the department filed an objection, and argued against the allowance of the account. The Probate Court judge nevertheless allowed the account. On September 1, 1977, the department filed a notice of appeal maintaining that the judge erred in allowing the final account while the department's claim was pending in the Superior Court.

Thereafter, the Superior Court judge reported the following five questions to the Appeals Court: 1. Whether the Essex Probate judgment is res judicata of the issues before this court; 2. Whether G. L. c. 206, §§ 22 and 24, require a finding for the defendant; 3. Whether the department has complied with G. L. c. 118E, § 16; 4. Whether the instant action is barred by the provisions of G. L. c. 197, § 9, the short statute of limitations in favor of estates; 5. Whether the department can recover medical assistance paid prior to enactment of G. L. c. 118E, § 16.

The primary question before us is whether the short statute of limitations bars the department's claim. The department argues that the obligation it holds is not subject to G. L. c. 197, § 9. Alternatively, it maintains that the short statute does not apply to actions brought by the Commonwealth unless the Legislature has indicated that it intends for the Commonwealth to be so bound. Since G. L. c. 118E, § 16, does not explicitly make claims brought thereunder subject to G. L. c. 197, § 9, the department argues that the statute does not bar the claim. We are unpersuaded by either argument and therefore answer question 4 affirmatively. Because this holding permits affirmance of the Probate Court's judgment and dismissal of the proceeding in the Superior Court,[2] resolu-

---

[2] Anticipating the possibility of such a result, the department requests us to grant relief under G. L. c. 197, § 10, as appearing in St. 1954, c. 552, § 2, which provides: "If the supreme judicial court,

tion of the other questions reported is unnecessary.[3]

1. General Laws c. 197, § 9, as appearing in St. 1972, c. 256, the short statute of limitations, provides in part that "an executor or administrator shall not be held to answer to an action by a creditor of the deceased which is not commenced within nine months from the time of his giving bond for the performance of his trust, or to such an action which is commenced within said nine months unless before the expiration thereof the writ in such action

upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by section nine, deems that justice and equity require it and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person, provided forthwith upon the filing of the bill a notice such as provided in section nine has been filed in the proper registry of probate; but such judgment shall not affect any payment or distribution made before the filing of such bill and notice." See *Downey* v. *Union Trust Co.*, 312 Mass. 405 (1942). The department requests this relief for the first time before the full court. General Laws c. 214, § 8, as appearing in St. 1973, c. 1114, § 62, provides that "[c]ivil actions in which equitable relief is sought and motions and other applications therein, whether interlocutory or final, shall in the first instance be heard and determined by one justice of the court." We conclude that the department's request for G. L. c. 197, § 10, relief is not properly before us and hence neither allow nor disallow the request.

[3] Although any discussion of question 3 would be advisory, failure to resolve that matter may result in a waste of future administrative efforts and the unnecessary loss of public funds. Noting that the parties have briefed and argued the question, we therefore offer our views on the meaning of "written approval" as it appears in G. L. c. 118E, § 16.

The State Medical Care and Assistance Plan, G. L. c. 118E, §§ 1-27, is a program of cooperative federalism adopted under the Social Security Amendments of 1965, Pub. L. No. 89-97, tit. I, pt. 2, § 121(a), 79 Stat. 343 (codified at 42 U.S.C. § 1396a [1976]). The recovery provision here at issue follows closely the very limited provision enacted by Congress, *id.*: "Sec. 1902. (a) A State plan for medical assistance must ... (18) provide ... that there shall be no adjustment or recovery (except, in the case of an individual who was 65 years of age or older when he received such assistance, from his estate, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age 21 or is blind or permanently and totally disabled) of any medical assistance correctly paid on behalf of such individual under the plan."

has been served by delivery in hand upon such executor or administrator or service thereof accepted by him or a notice stating the name of the estate, the name and address of the creditor, the amount of the claim and the court in which the action has been brought has been filed in the proper registry of probate." The obvious purpose of this provision is to expedite the settlement of estates and thereby protect the substantial interests of creditors as well as distributees. See, e.g., *Downey* v. *Union Trust Co.*, 312 Mass. 405, 408 (1942).

In construing the scope of the short statute, this court has held that the term "creditor of the deceased" applies only to claimants holding obligations that arose while the decedent was alive. The term does not reach so called creditors of the estate, namely claimants holding obligations that arise after death and are enforceable only

---

The primary purpose of both the Federal and State statutes is to bar recovery of assistance to which the recipient was entitled. In both statutes, the clause permitting recovery from the estates of individuals who were age sixty-five or over when they received assistance appears as an exception and therefore should be construed narrowly. See *In the Matter of the Estate of Harris*, 88 Misc. 2d 60 (N.Y. Sur. Ct. 1976). The written approval requirement imposed by the General Court further narrows the department's authority to recover assistance. This language appears to have one primary purpose: to assure that agency action will be deliberate. Furthermore, the language implies that the department may withhold approval even when the other requirements are satisfied. It therefore appears that the Legislature intended the department to exercise some discretion before filing a claim. The department's current procedure, which requires the case worker to refer all possible claims directly to the legal staff, falls short of the statutory legislative requirement. It strains common sense to consider either a general regulation or a case worker's memorandum as "written approval" under § 16. Given that initiation of a departmental claim would in any event require a general directive to the case workers as well as reference by the workers on particular cases to the legal staff, the current procedure does not assure deliberateness, or involve an exercise of official discretion. Acceptance of the present scheme would therefore render the statutory language meaningless. Lastly, compliance as we see it does not impose so great an administrative burden as to preclude the filing of claims within the nine-month period set by G. L. c. 197, § 9. At most it requires one additional step in the current procedure.

against the decedent's personal representative. Compare *Milford* v. *Casamassa*, 339 Mass. 702 (1959), and *Dallinger* v. *Davis*, 149 Mass. 62 (1889), with *Levin* v. *Commissioner of Corps. & Taxation*, 349 Mass. 20 (1965), *Bartlett* v. *Tufts*, 241 Mass. 96 (1922), and *Rich* v. *Tuckerman*, 121 Mass. 222 (1876). These latter obligations include, for example, taxes on income received by the estate after the decedent's death, taxes on property held by the estate, *Dallinger* v. *Davis, supra,* and debts and liabilities incurred in the course of settling the estate. See *Geldert* v. *Usher*, 248 Mass. 323, 326 (1924). See generally 1 G. Newhall, Settlement of Estates § 189, at 555 (4th ed. 1958). Creditors of the estate other than the Commonwealth must enforce their claims within the period set by G. L. c. 260, § 11.[4]

The distinction between the two classes of creditors has had the following consequence: if a claimant is a creditor of the decedent, then the short statute applies unless a clear statement to the contrary appears in a statutory provision on which the claimant bases its claim. Cf. *Levin* v. *Commissioner of Corps. & Taxation, supra.* If, on the other hand, a claimant is a creditor of the estate, then the short statute does not apply unless a clear statement to the contrary appears in the provision enabling recovery.

The authority of the Commonwealth to recover c. 118E assistance arises from the operation of § 16.[5] Section 16

---

[4] General Laws c. 260, § 11, provides: "An action founded on any contract made or act done, if made or done by any person acting as the executor, administrator or other legal representative of the estate of a deceased person, shall be brought within one year, or, if made or done by any person acting as trustee, guardian or conservator, shall be brought within two years, after the right of action accrues; provided, that this section shall not apply to actions . . . brought by the commonwealth."

[5] This court has never specifically held that the term "creditor" as it is used in G. L. c. 197, § 9, applies to obligations that arise solely by operation of a statute. See p. 32, *infra.* Nevertheless, the term "creditor" has been given a broad and comprehensive meaning so as to include creditors other than those whose claims are in contract. See

contains no provision relevant to the applicability of G. L. c. 197, § 9, nor does it clearly indicate whether the obligation held by the Commonwealth is of the deceased or of the estate. Nevertheless, we conclude that the department stands as a creditor of the deceased for the reasons here stated.

Unlike income received after death or services provided a decedent's estate, the benefit of c. 118E funds is given while the recipient is alive. Only in *Milford* v. *Casamassa, supra,* have we found that, even though the events giving rise to the obligation had occurred before the decedent's death, the obligation was a debt of the estate. There we considered the applicability of the short statute to recovery under G. L. c. 59, § 5A (since repealed by St. 1965, c. 620, § 3), of relieved property taxes.[6] Section 5A, as amended by St. 1948, c. 541, read: "In the event that a person is relieved of taxation [under the appropriate exceptions], upon his death his estate, to the extent that it exceeds his debts, . . . shall be chargeable . . . ." The section also charged interest on the relieved amount, to run only from the death of the taxpayer. We noted that the interest provision as well as the words "upon his death his estate . . . shall be chargeable" suggested that the obligation arose on death. Moreover, the relationship of § 5 to § 5A implied that the original tax "never came into being during the decedent's life either because it was never assessed or because . . . it was extinguished by abatement." *Casamassa, supra* at 706. Most significant,

_____

*New England Trust Co.* v. *Spaulding,* 310 Mass. 424, 429-430 (1941).

Although we treat the obligation at issue here as arising solely by operation of statute, we note that the application process for c. 118E funds involves submission of a specific form by the applicant, G. L. c. 118E, § 8, and a written response by the department. These documents were not put in evidence. We have no reason to believe that they create a formal contractual relationship between the recipient and the department.

[6] General Laws c. 59, § 5, contains the various exemptions from property tax.

however, the language of § 5A specifically distinguished the sum to be recovered from the other debts of the deceased, making the former contingent on the amount by which the estate exceeded the latter. Lastly, § 5A specifically provided that a "collector shall present the claim for payment in the same manner as provided for presentation of claims *of creditors of the estate and have like power to bring suit thereon*" (emphasis supplied). Here, neither the words nor the structure of the c. 118E medical assistance program suggests that the Legislature intended the creditor to have the status of creditor of the estate.

Section 16 establishes four circumstances which must exist before the department may recover c. 118E funds. First, the individuals subject to the recovery clause must have been age sixty-five or older when they received assistance. Second, the department may recover only from the estate of such a recipient, or in other words only on the death of the recipient. Third, the department must await the death of the surviving spouse, if any. Fourth, it must await the death or majority of any surviving child who is under age twenty-one, or the death of a surviving child who is blind or permanently and totally disabled. Although the latter three circumstances may come into being on or after the death of the recipient, none is a condition precedent to the existence of the department's authority to recover. Each refers to an event certain to occur and thus they merely establish the time when the department's right to recover ripens.[7] See Restatement (Second) of Contracts § 250, Comment *b* (Tent. Draft Nos. 1-7, 1973). The apparent purpose of such language is simply to avoid imposition of an obligation to repay while the

---

[7] The conjunctions chosen by the Legislature to introduce the clauses pertaining to the surviving spouse and surviving child are "after" and "at a time when" respectively. Thus even after the recipient has died the department's authority to recover may not be ripe. The opposite would be true if the statute were to provide for recovery only "*if there is no* surviving spouse, and surviving child . . . ."

recipient or certain members of his family may yet require governmental assistance, and not to prevent the obligation from ever coming into existence. In contrast, not all recipients of medical assistance will be age sixty-five or older when they receive aid. Consequently, the first condition listed is the only condition precedent to the existence of the obligation to repay.[8] Given that the department and the recipient will know whether this condition has been satisfied on the granting of aid, and that no language in § 16 distinguishes the statutory obligation from other debts of the deceased, the obligation here is distinct from that at issue in *Casamassa*. The scheme here is similar to contracts between private parties in which the creditor's right of enforcement matures only on or after the death of the debtor. See 1 G. Newhall, *supra* at §§ 180, 181. Even when the right to recover does not accrue until after the period set by G. L. c. 197, § 9, the debt still may be a debt of the deceased if it arose while the debtor was alive.[9] See *Gilman* v. *Taylor*, 266 Mass. 346, 349 (1929).

2. We, as well as other jurisdictions, long have held that the Federal government and the States are not subject to statutes of limitation unless they have expressed their consent to be so bound. See *Boston* v. *Nielsen*, 305 Mass. 429, 430 (1940); 51 Am. Jur. 2d Limitation of Actions §§ 409-421 (1970). Since the department is an agency of

---

[8] But see our discussion in note 3, *supra*, of the need for written approval prior to the commencement of the enforcement of the claim.

[9] Of course, the creditor may in such circumstances present his claim pursuant to G. L. c. 197, § 13, as appearing in St. 1976, c. 515, § 18, which provides that "[a] creditor of the deceased, whose right of action shall not accrue within the time fixed for presentation of claims, ... may present his claim to the probate court at any time before the estate is fully administered; and if, upon examination thereof, the court shall find that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same." See *First Nat'l Bank* v. *Nichols*, 294 Mass. 173 (1936); 1 G. Newhall, Settlement of Estates § 189, at 555 (4th ed. 1958).

the Commonwealth, G. L. c. 18, § 1, we treat the claim in issue as the claim of the Commonwealth. We must therefore determine whether the immunity enjoyed by the Commonwealth from statutes of limitation includes immunity from the constraints of G. L. c. 197, § 9.

We note initially that we have never directly addressed this question. In all the cases in which we applied the short statute to bar governmental claims, statutory consent was at least arguably present. See *Levin* v. *Commissioner of Corps. & Taxation,* 349 Mass. 20 (1965); *Bartlett* v. *Tufts,* 241 Mass. 96 (1922); *Rich* v. *Tuckerman,* 121 Mass. 222 (1876).[10] Moreover, in those cases in which we held that G. L. c. 197, § 9, did not bar the governmental claim we found either that the government was not a creditor of the deceased, see *Milford* v. *Casamassa, supra; Dallinger* v. *Davis, supra,* or that the Legislature had expressed an intent that the bar not apply, see *Levin* v. *Commissioner of Corps. & Taxation, supra.* The department contends that in *Haverhill* v. *Porter,* 333 Mass. 594 (1956), we refused to apply the short statute solely because the provision on which the city based its claim did not contain an expression of consent to be bound by G. L. c. 197, § 9. There the city sought to recover old age assis-

---

[10] All three cases involve what is now G. L. c. 60, § 35, and claims to recover unpaid taxes. Section 35, as amended through St. 1946, c. 251, § 1, currently provides: "If a tax which has been committed to a collector remains unpaid after it has become due and payable, it may be recovered in an action of contract or in any other appropriate action, suit or proceeding brought by the collector either in his own name or in the name of the town against the person assessed for such tax." When *Rich* v. *Tuckerman,* 121 Mass. 222 (1876), was decided, the version of § 35 then in force provided that a collector may maintain an action for the recovery of unpaid taxes "in like manner as for his own debt." Gen. Sts. c. 12, § 19 (1860). This court construed that language to mean that collectors were to enjoy the same remedial rights as other creditors and accordingly must be subject to the same restrictions, including the short statute. Even after § 35 took its present form, St. 1946, c. 251, § 1, we continued to hold that tax collection was no different from enforcement of private claims. *Boston* v. *Gordon,* 342 Mass. 586, 590 (1961).

tance provided the testatrix under the former c. 118A.
The recovery provision, § 4A, expressly provided that
claims against the recipient's estate were subject to the
short statute. Since the city began proceedings after the
expiration of the statutory period, it brought a bill in
equity under G. L. c. 197, § 10.[11] The court refused the city
judgment but nevertheless held that a lien created under
G. L. c. 118A, § 4, on real estate owned by the testatrix
was enforceable. We noted that no language in § 4 sub-
jected enforcement of c. 118A liens to G. L. c. 197, § 9, and
declined to read the limitation present in § 4A into § 4.
That decision does not, however, control the question be-
fore us since the city as a lien holder was not a creditor
otherwise subject to G. L. c. 197, § 9. See *New England
Trust Co.* v. *Spaulding,* 310 Mass. 424, 430 (1941); *Stone-
ham Five Cents Savs. Bank* v. *Johnson,* 295 Mass. 390, 395
(1936). Lastly, our decision holding that the Federal gov-
ernment is not subject to the short statute, *Taylor* v.
*United States,* 324 Mass. 639 (1949), cert. denied, 338 U.S.
948 (1950), is distinguishable from the present situation.
That decision rested on the Supreme Court's decision in
*United States* v. *Summerlin,* 310 U.S. 414 (1940), in which
the Court considered whether the Florida nonclaim stat-
ute, a provision which like G. L. c. 197, § 9, voids the
claims of creditors of the deceased if not brought within
a fixed period, applied to a Federal agency. The Court
held that the States have no power to void the claims of
the Federal government, a principle inapplicable to a
case in which the creditor is the State government. We
therefore turn to the question whether the Massa-
chusetts statute, G. L. c. 197, § 9, applies to the Common-
wealth when the Commonwealth is a creditor of the
deceased.

Some jurisdictions consider nonclaim statutes to be es-
sentially statutes of limitation and hold that such stat-
utes do not bar governmental claims unless provision for

---

[11] The text of § 10 is quoted in note 2, *supra.*

them to do so is made by statute. See, e.g., *State Dept. of Pub. Welfare* v. *O'Brien,* 200 Tenn. 475, 477 (1956); *State* v. *Stone,* 271 S.W.2d 741 (Tex. Civ. App. 1954). Some of our cases imply that this court views G. L. c. 197, § 9, similarly. See, e.g., *Taylor* v. *United States, supra* at 642. Nevertheless we note that a growing majority of jurisdictions hold that such statutes are to be viewed as nonclaim statutes, distinct from standard statutes of limitation, and thus apply to State claims even absent an expression of intent by the Legislature to be so bound. See *State* v. *Goldfarb,* 160 Conn. 320 (1971); *In re Bird's Estate,* 410 Ill. 390 (1951); *Bahr* v. *Zahm,* 219 Ind. 297 (1941); *Donnally* v. *Montgomery Welfare Bd.,* 200 Md. 534 (1952); *State* v. *Evans,* 143 Wash. 449 (1927). See generally Annot., 34 A.L.R.2d 1003 (1954). These jurisdictions find the distinction to be basic for the following reasons. Statutes of limitations generally are viewed as pertaining to remedies, not the creation of rights. They constitute affirmative defenses which if not pleaded are deemed waived. On the other hand, nonclaim statutes impose a condition precedent to the right of recovery. Failure to satisfy the requirement of a condition precedent to recovery cannot be waived, and failure to comply voids the claim. If a State is not otherwise exempt from satisfying a condition precedent to a right of action, there is no reason to exempt it from the operation of nonclaim statutes.

We agree with this reasoning and note that in the Commonwealth the requirements of the short statute are also absolute, see 1 G. Newhall, *supra* § 189, at 547-548, and may not be waived, see *Nochemson* v. *Aronson,* 279 Mass. 278, 282 (1932). But cf. *Kofinke* v. *Maranhas,* 375 Mass. 141, 143-144 (1978) (executor or administrator may waive the prohibition against commencing an action within the first three months of appointment). Accordingly, we adopt the majority rule relative to the application of nonclaim statutes to State claims and hold that the department's claim is barred by G. L. c. 197, § 9.

3. Finally, we note that the result we reach today gives effect to the purposes of both G. L. c. 118E, § 16, and G. L. c. 197, § 9. In many instances the department's right to recover will accrue on the recipient's death (e.g., no surviving spouse, no surviving child under twenty-one, blind or permanently and totally disabled). In such circumstances, there is no need to delay the settlement of an estate since the statutory period allows the department adequate time to present its claim for recovery or commence an action. We note that, in the case at bar, the department had initiated the administrative review of recovery possibilities before the executor had given bond. In those situations in which the department's authority to recover will not accrue until after the death of the recipient, our decision would permit the department to request an extension under G. L. c. 197, § 9,[12] or present its claim under G. L. c. 197, § 13.

In sum, we answer question 4 affirmatively and find it unnecessary to resolve the other questions reported. We affirm the judgment of the Probate Court and remand the Superior Court proceeding to that court for entry of judgment in accordance with this opinion.

*So ordered.*

---

[12] "The probate court may allow creditors further time for bringing actions, not exceeding one year from the time of giving bond by such executor or administrator, provided that application for such further time be made before the expiration of nine months from the date of approval of the bond."