Quinlan, J.
On December 2, 1997, Sarah Dana Post, as executrix for the estate (“the Estate”) of her late husband, John Post, brought this wrongful death action against The Belmont County Club (“the Club”) alleging that Post was fatally injured when he drove his golf cart through a rope which had been negligently strung across a cart path at the Club, causing a metal stake used to anchor one end of the rope to strike him in the head. On July 9, 1998, the Club filed its amended answer and counterclaim. In the counterclaim, the Club claimed it was entitled to be indemnified by the Estate based upon a provision in the Club’s membership handbook.
On May 1, 2000, the Estate filed a Motion for Summary Judgment on the counterclaim. On May 26, 2000, a stipulation of dismissal was filed with respect to the Estate’s wrongful death claim only. On June 1, 2000, a petition to approve the settlement of the wrongful death claim was allowed by the court (McHugh, J.). The counterclaim was not affected by that settlement. On October 11, 2000, the court (Houston, J.) denied plaintiffs motion for summary judgment on the defendant’s counterclaim. In that decision, the court found that the indemnity clause did not violate public policy, that it was not unconscionable, and that its enforcement would not be oppressive. The court also found that because Post was bound by the rules in the handbook as a member, his estate was also bound by the terms of the indemnification clause. Finding that the contract was not one of adhesion, and therefore should not be construed with disfavor to either party, the court found as a matter of law that the indemnity clause permitted indemnification against the estate.
Following that decision, on April 18, 2001, the Club, relying on the decision on the Estate’s motion for summary judgment, filed this motion for summary judgment on the counterclaim. In response, the Estate filed an opposition and a cross-motion for summary judgment. The Estate revisited the arguments made unsuccessfully in its first Motion for Summary Judgment. The Estate also raised new issues, i.e. 1) the indemnity provision is ambiguous and 2) Club’s counterclaim was not filed within the time required by G.L.c. 197, §9. The Club opposes the Estate’s cross-motion on both procedural and substantive grounds.
BACKGROUND
On April 27, 1997, John Post was playing golf at the Club, of which he was a member when he drove a golf cart into a rope barrier that the club had placed on the course and secured with metal spikes. Post died on May 2, 1997, from the injuries he sustained. Post had been a member of the Club for approximately 10 years, renewing his membership annually. During the entire 10-year period, the Club included an indemnity provision in its membership handbook.[2] The language of the indemnity clause which was in effect in 1997, which is substantially similar to those in effect for prior years, provided that:
Each person using a cart does so at his/her own risk. Each person renting or driving a cart is responsible for any personal injury or property damage caused, including, without limitation, injury to him/herself and damage to the cart and agrees to indemnify the Club against all loss, claims or expenses resulting from use of said cart.
[Emphasis supplied.) The clause appears in the handbook under the heading “Rules and Regulations Relating to Electric Carts.” Although it is not known whether Post ever actually read the indemnity provision, his wife brought home a new Club handbook each year.
DISCUSSION
I. Standard of Review
Summary Judgment is appropriate where no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox Inc., 424 Mass. 226, 232 (1997). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where summary judgment is sought on the basis of a statute of limitation, once the defendant establishes that the time period between the plaintiff s *155 injury and' the plaintiffs complaint exceeds the limitations period set forth in the applicable statute the plaintiff bears the burden of alleging facts which would take his or her claim outside the statute. McGuinness v. Cotter, 412 Mass. 617, 620 (1992).
II. Claims Previously Asserted by the Parties
In these cross-motions for summary judgment, both the Club and the Estate reassert the arguments that they raised in the Estate’s first motion for summary judgment. This court declines to readdress or reconsider those issues which have been previously addressed by the court (Houston, J.).[3] See Peterson v. Hopson, 306 Mass. 597, 599 (1940) (“Where there has been no change of circumstance a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided”).
The Club objects to the Estate being allowed to file a second motion for summary judgment. Of the issues raised by the Estate only one differs from those previously raised, i.e. whether the counterclaim was timely filed. The Club is probably correct in its objection to the Estate’s second motion for summary judgment. Successive motions, particularly where positions change after a decision, are not to be encouraged. Having said that, the court, in its discretion, will consider the new issue raised by the Estate.
III. The Club Motion for Summary Judgment
In denying the Estate’s first motion for summary judgment, the court ruled that the indemnity clause was valid, enforceable and applicable to the circumstances of this case. The court construed the indemnity provision, stating at p. 11:
Here, the plain meaning of the indemnity clause covers Post’s mishap. The clause states that a person using a golf cart “agrees to indemnify the Club against all loss, claims or expense resulting from use of said cart” (emphasis added). This language, placed in the membership handbook every year between 1987 and 1997, unambiguously shows that the Club intended to be indemnified for any type of claim arising from the use of golf carts. The wrongful death action qualifies as a claim “resulting from use” of the cart, and the word “all” is broad enough to encompass the Club’s own negligence. An indemnity clause can be found to protect an indemnitee against its own negligence, even if the contract does not expressly so provide . . . An unambiguous contract must be enforced according to its terms . . . Accordingly, the court finds that the indemnity clause permits indemnification against the Estate.
The court did not elect to grant summary judgment in favor of the Club sua sponte. Based upon the substance of that decision, the Club’s motion for summary judgment is appropriate if the new issues now raised by the Estate are without merit.
IV.Timely Filing of the Counterclaim
The Estate argues that the Club’s counterclaim is time-barred because it was not filed within one year after the date of death as required by G.L.c. 197, §9. The Club’s first plan of attack is that the Estate should be estopped from arguing that the counterclaim is time-barred because the Estate failed to plead the statute of limitations as an affirmative defense and that claim is inconsistent with the position taken by the Estate previously in this action.[4] Alternatively, the Club argues that the Estate is relying on the wrong statute. The filing of the counterclaim was timely under G.L.c. 197, §§13 or 29.
In the Estate’s Supplemental Memorandum regarding its first motion for summary judgment, the Estate stated at pp. 8-9:
The estate does not, however, contend that an indemnify claim brought by a claimant against the decedent’s estate more than one year after the death would necessarily be time-barred. For example, the Club’s contractual indemnity claim did not accrue until it was sued by the estate for wrongful death and when it paid the judgment or settlement of that claim. Fall River Housing Auth. v. H.V. Collins Co., 414 Mass. 10, 13-14 (1992).
The Estate now says that the indemnity claim is time-barred because the applicable statute of limitations is G.L.c. 197, §9(a) which provides:
Except as provided in this chapter, an executor . . . shall not be held to answer an action by a creditor of the deceased unless such action is commenced within one year after the date of death of the deceased and unless, before the expiration of such period, the process in such action has been served by delivery in hand upon such executor ... or service thereof accepted by him or notice . . . has been filed in the proper registry of probate.
The indemnity counterclaim is a claim based upon a contract, an obligation created during the lifetime of J ohn Post. See First National Bank of Boston v. Nichols, 294 Mass. 173, 178-79 (1936). Generally, “a cause of action accrues when the contract is breached.” Flannery v. Flannery, 429 Mass. 55, 59 (1999). “When there is an express agreement of indemnify in a contract, a claim for indemnify accrues when there is a breach of that provision. See Ryan Stevedoring Co, Inc. v. PanAtlantic S.S. Corp., 350 U.S. 124, 130 (1956) (formal indemnify bond creates independent contract right to recovery) . . . Consequently, a claim . . . for contractual indemnify would accrue from the time the indemnity provision was breached.” Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 13-14 (1992). In this case, the breach,would have occurred upon a claim being asserted against the Club by the Estate. Thus, the cáuse of action did not accrue until after the death of John Post. The Club was entitled to enforce the indemnify clause as a “creditor of the *156 deceased.” See First National Bank of Boston v. Nichols, 294 Mass. supra.
Because the indemnity counterclaim was filed outside the one-year period, this court must determine whether the counterclaim relates back to the underlying cause of action. Under the relation back doctrine, the date a counterclaim is deemed to have been filed is the date when the complaint was filed. See G.L.c. 260, §36; Mass.R.Civ.P. 15(c):
Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.
The Estate seeks to avoid application of G.L.c. 260, §36 by having the court rule that G.L.c. 197, §9 is not a statute of limitations but instead is a statute of repose.
A statute of repose creates an absolute time limit on liability by completely abolishing a cause of action after the time, even if the plaintiffs injury is not discovered or does not occur until after the time period has expired. A statute of limitations, in contrast, is a procedural measure which governs the time within which a legal proceeding must be commenced after the cause of action accrues. McGuinness, 412 Mass. at 622. The bar of a statute of limitation is conditional while a bar of a statute of repose is absolute. As a result, the relation back doctrine does not apply to statutes of repose. See Tindol v. Boston Housing Authority, 396 Mass. 515, 518 (1986) (relation back doctrine would not permit adding of defendants in suit by minor after time period under G.L.c. 260, §2B, a statute of repose, had passed).
In determining whether a time limitation is a statute of repose as opposed to a statute of limitation, the court looks for reference in the statute to a “definitely established event” which would render it an absolute bar and thus a statute of repose. McGuinness, 412 Mass at 622. An example may be found in G.L.c. 260, §2B, which provides:
... in no event shall an action of tort based on certain improvements to real property be commenced more than six years after the earlier of the date of [1] the opening of the improvement to use; or [2] substantial completion of the improvement and the taking of possession by for occupancy by the owner.
G.L.c. 260, §2B has been extended as a statute of repose to several types of actions, including a wrongful death action, see McDonough v. Marr Scaffolding Company, 412 Mass. 636, 643 (1992), and an action for breach of implied warranties, see Klein v. Catalano, 386 Mass. 701, 719 (1982). It does not, however, apply to actions for contractual indemnification. See Gomes v. Pan American Associates, 406 Mass. 647, 648 (1990) (the court refused to apply G.L.c. 260, §2B, to an action against an architect based on contractual indemnification).
The absolute language and reference to definitely established events which is found in G.L.c. 260, §2B, does not exist in G.L.c. 197, §9. The Estate’s assertion that G.L.c. 197, §9 is a statute of repose and not a statute of limitation is based primarily on language in the case of Department of Public Welfare v. Anderson, 377 Mass. 23 (1979). In holding that the Department of Public Welfare’s claim for costs of medical assistance provided to the decedent during the last five years of her life was subject to the limitations of the statute, the court stated:
We agree with the reasoning and note that in the Commonwealth the requirements of the short statute are also absolute and may not be waived. Accordingly, we adopt the majority rule relative to the application of nonclaim statutes to State claims and hold that the department’s claim is barred by c. 197, §9.
Id. at 35.
In Anderson, the court noted at p. 35 that “Statutes of limitations generally are viewed as pertaining to remedies, not the creation of rights . . . On the other hand, nonclaim statutes impose a condition precedent to the right of recovery. Failure to satisfy the requirement of a condition precedent to recovery cannot be waived, and failure to comply voids the claim.” The Club’s right to indemnification was created during the lifetime of the deceased and not by statute. G.L.c. 197, §9(a) provides the remedy. Therefore, G.L.c. 197, §9 is statute of limitations and not a statute of repose. As such, the Club is entitled to the benefit of G.L.c. 260, §36. The counterclaim seeking indemnification from the Estate is deemed to have been filed on December 2, 1997 within one year of May 2, 1997. See Touzin v. Smith, 6 Mass.App.Ct. 641 (1978).
Since the counterclaim of the Club was timely filed and since all other issues raised in the Estate’s cross motion for summary judgment have previously been decided by the court (Houston, J.), the Estate has failed to demonstrate that it is entitled to judgment as a matter of law. The Club, however, has satisfied its burden of demonstrating that it is entitled to summary judgment.
ORDER
For the foregoing reasons, it is ORDERED that the Estate’s motion for summary judgment be DENIED, and the Club’s motion for summary judgment be ALLOWED.

 The handbook which was revised and made available to members annually contained the club rules regarding the golf, tennis, and pool facilities, as well as a membership directory.

 The Estate’s argument that the indemnity clause was ambiguous was addressed in Judge Houston’s decision. Therefore, the court does not regard that as a new issue.

 The Club also argues that the issue should not be addressed because the Estate failed to plead the statute of limitations as an affirmative defense. Given the liberality of allowing amendments under Mass.R.Civ.P. 15, the court addresses the issue notwithstanding its not having been pled as an affirmative defense.