In the Matter of the ESTATE OF
Daisy HOOEY, Deceased.

Janice FEINER, Appellant

v.

Richard MOWBRAY, as Personal Representative of the Estate of Daisy
Hooey, Deceased, Appellee.

Civ. No. 940055.

Supreme Court of North Dakota.

Aug. 24, 1994.

Robert Q. Price, Price and LaQua, Langdon, for appellant.

Blaine L. Nordwall, Sp. Asst. Atty. Gen., Human Services Dept., Bismarck, for appellee.

Cameron D. Sillers, State's Atty., Langdon, for appellee.

VANDE WALLE, Chief Justice.

Janice Feiner appealed from a county court judgment, certified under Rule 54(b), NDRCivP, confirming the appointment of Richard Mowbray as personal representative of the estate of Daisy Hooey and ordering that the claim of Cavalier County Social Services, in the amount of $116,508.70, be allowed and paid as a priority claim against the estate. We affirm.

Daisy Hooey died March 20, 1991, at the age of 89. Hooey had been a recipient of Aid to the Disabled benefits from October 1961 to December 1973 and of Medical Assistance benefits from May 1974 until her death. In 1987, Hooey had been declared incompetent and her brother, Donald Campbell, was appointed her general guardian.

At the time of Hooey's death, her only assets were funds deposited in a bank account, jointly held by Hooey and Roseanna Campbell, Donald Campbell's wife.

Two months following Hooey's death, Donald Campbell was found to be an incompetent person, and Roseanna Campbell was appointed his full guardian. The expenses for Hooey's burial and last illness were paid by Roseanna from the funds of the bank account which had been held by Roseanna and Hooey. The remaining funds from the bank account were distributed by Roseanna to Appellant Janice Feiner and Judy Kodat, Hooey's two daughters. No notice to credi-

tors was published. Donald Campbell died shortly thereafter.

Although both guardian and ward were deceased, the guardian estate of Hooey remained open. No person sought appointment for administration of Hooey's estate.

On October 2, 1992, the North Dakota Department of Human Services (the Department) filed an informational claim against the guardianship estate of Hooey. *See* NDCC § 50–24.1–07 (specifying the procedure for recovery of funds from the recipient's estate paid under the Medical Assistance program). The claim was later amended to reflect Hooey's receipt of additional benefits not contemplated in the original claim. In total, the claim by the Department against the estate is $116,508.70.

On August 11, 1993, the Department, through Cavalier County Social Services, filed a petition in county court for the appointment of Richard Mowbray, Director of Cavalier County Social Services, as personal representative of Hooey's estate. Feiner objected to the petition for appointment, asserting that the Department's claim against Hooey's estate was not filed in a timely manner, that the Department was not a creditor of the estate, and that the Department therefore did not have an interest in the estate qualifying Mowbray for the appointment. *See* NDCC § 30.1–13–03.

Rejecting Feiner's argument, the county court ordered that the Department's claim against the estate be allowed to stand and confirmed the appointment of Mowbray as personal representative. Feiner appealed, raising a single issue: whether the Department made a timely presentation of its claim against the Hooey estate.

Whether a creditor's claim against an estate is filed in a timely manner depends, in part, upon whether the creditor's claim arose during the decedent's lifetime or whether it arose at or after death. Where, as here, no notice to creditors is published, *see* NDCC § 30.1–19–01, claims that arise during the decedent's lifetime must be presented within three years after decedent's death. NDCC § 30.1–19–03(1)(b). Claims that arise at or after death, except those based on a contract with the personal representative, must be presented within three months after the claim arises. NDCC § 30.1–19–03(2)(b). In this instance, the Department presented its claim against the guardianship estate more than 18 months following Hooey's death and with the personal representative more than 30 months following Hooey's death. Feiner contends that the claim arose at or after Hooey's death and was not filed within the three month deadline.

█ In support of her contention that the Department's claim against the estate arose at or after Hooey's death, Feiner relies on federal law, 42 U.S.C. § 1396p, which generally prohibits the Department from seeking to recover, prior to the recipient's death, medical assistance benefits correctly paid to the recipient. Consistent with the federal statute she argues, no claim by the Department exists during the recipient's lifetime, but, rather, a claim may arise only at or after death.

The requirement that the Department refrain from pursuing its claim until after the death of the recipient, NDCC § 50–24.1–07, does not define when that claim arose. Nor does the federal statute, 42 U.S.C. § 1396p, define when a claim arises. However, 42 U.S.C. § 1396p permits a state to secure a lien upon the real property of a recipient during the recipient's lifetime in certain circumstances not applicable to Hooey. 42 U.S.C. § 1396p(a)(1)(B). We reject Feiner's argument that the federal statute conclusively establishes that a claim for recoupment of benefits does not arise until after the death of the recipient.

█ Four circumstances must exist before the Department may recover Medical Assistance funds under section 50–24.1–07, NDCC. First, the recipient must have been sixty-five years of age or older when the benefits were received. Second, the Department may recover only from the estate of the recipient, i.e., only upon the death of the recipient. Third, the Department must await the death of the recipient's spouse, if any. Fourth, it must await the death or majority of any surviving child who is under age twenty-one, or the death of a surviving child who is blind or permanently and totally disabled.

The Massachusetts Supreme Court has explained:

"Although the latter three circumstances may come into being on or after the death of the recipient, none is a condition precedent to the existence of the department's authority to recover. Each refers to an event certain to occur and thus they merely establish the time when the department's right to recover ripens. *See* Restatement (Second) of Contracts § 250, Comment b (Tent.Draft Nos. 1–7, 1973).... In contrast, not all recipients of medical assistance will be age sixty-five or older when they receive aid. Consequently, the first condition listed is the only condition precedent to the existence of the obligation to repay.... The scheme here is similar to contracts between private parties in which the creditor's right of enforcement matures only on or after the death of the debtor. 1 G. Newhall, [*Settlement of Estates*] §§ 180, 181 [ (4th ed. 1958) ]." *Department of Public Welfare v. Anderson* [377 Mass. 23], 384 N.E.2d 628, 633–34 (Mass.1979) [construing statute similar to NDCC § 50–24.1–07] (footnotes omitted).

It is not significant whether the obligation to repay medical assistance is regarded as a statutory creation, *e.g., In Re Estate of O'Keefe*, 354 N.W.2d 531 (Minn.App.1984), or as being quasi-contractual in nature, *e.g., Reith v. County of Mountrail*, 104 N.W.2d 667 (N.D.1960). *See generally,* Wanda Ellen Wakefield, Annotation, *Last Sickness or Funeral Expenses Claims*, 17 A.L.R.4th 530 (1982); Annotation, *Nonclaim Statute—Claim of Government*, 34 A.L.R.2d 1003 (1954). In either regard, the obligation to repay, if any, arises upon receipt of the benefits, i.e., prior to the decedent's death. Although the Department's ability to enforce the claim was tolled until Hooey's death, the obligation was incurred by Hooey during her lifetime.

Because no notice to creditors was published, the Department was required to submit its claim against the estate within three years of Hooey's death. NDCC § 30.1–19–03(1)(b). The claim was timely filed.

The judgement of the county court is affirmed.

SANDSTROM, NEUMANN, LEVINE, and MESCHKE, JJ., concur.