2000 ND 155

**In the Matter of the ESTATE OF Arthur W. KIESOW, Deceased.**

**The North Dakota Department of Human Services, Claimant and Appellant,**

v.

**Norma V. Brenden, as Personal Representative of the Estate of Arthur W. Kiesow, deceased, Respondent and Appellee.**

**No. 20000081.**

Supreme Court of North Dakota.

Aug. 18, 2000.

---

1. The parties agree the 1999 amendment to N.D.C.C. § 14–17–14 does not apply in this case. *See* N.D. Sess. Laws ch. 141, § 12.

Blaine L. Nordwall, Special Assistant Attorney General, Bismarck, N.D., for claimant and appellant.

Brent M. Olson (submitted on brief), Pringle & Herigstad, P.C., Minot, N.D., for respondent and appellee.

NEUMANN, Justice.

[¶ 1] The North Dakota Department of Human Services ("Department") has appealed district court orders denying interest on its claim for medical assistance benefits provided to Arthur W. Kiesow. We affirm.

[¶ 2] Arthur W. Kiesow received medical assistance benefits from the Department before his death on October 22, 1996. Norma V. Brenden applied for informal probate of Kiesow's will and appointment of a personal representative. Copies of the petition commencing probate proceedings and a list of legatees, surviving joint tenants, and heirs at law were sent to the Department in accordance with N.D.C.C. §§ 50–06.3–07 and 50–24.1–07. Brenden was appointed the personal representative of Kiesow's estate.

[¶ 3] On May 17, 1999, the Department filed with the district court an amended claim for reimbursement of medical assistance of $4,153.79, plus interest of $512.99 from six months after Kiesow's death. On May 21, 1999, the attorney for the Estate filed a notice informing the Department its amended claim was allowed for medical assistance of $4,153.79, but the claim for interest was disallowed. The notice also informed the Department its claim would be forever barred if the Department did not file a petition or commence a proceeding against the personal representative within 60 days.

[¶ 4] On July 15, 1999, the Department petitioned the district court for allowance of its full amended claim for $4,666.78. Brenden moved for partial summary judgment, asserting the $4,153.79 medical assistance claim was valid, but the Department lacks statutory authority to charge interest. The Department moved for summary judgment allowing the full amount of its amended claim. On December 23, 1999, the court issued an order finding "[t]here is no record that the personal representative published a notice to credi-

tors," concluding N.D.C.C. § 30.1–19–06(5) authorizes the Department to receive interest on its claim, and disallowing the Department's claim for interest. The court explained:

> Accrual of interest under 30.1–19–06(5) begins 60 days after the time for original presentation of the claim has expired. Under 30.1–19–03 there are two methods for presenting claims. The first is by publication of notice to creditors and mailing of notices [30.1–19–03(a)]. The creditors have ninety (90) days to present their claims after first publication. Interest begins to accrue sixty (60) days after the ninety day period has expired. If a notice to creditors is not published, the creditors have three (3) years from date of death within which to file claims [30.1–19–03(b)]. Thus, interest does not begin to accrue until sixty (60) days after expiration of the three year period.... The earliest date for accrual of interest would be December 22, 1999, which is three years and sixty days from date of death.

> ... Because there was no publication of notice to creditors, the later time period of three years after death is applicable. Thus, no interest would accrue until sixty days after three years from the date of death.

The Department moved to amend the court's order. The court denied the motion in an order issued March 10, 2000. The Department appealed both orders.

■ Section 30.1–19–06(5), N.D.C.C., provides:

> Unless otherwise provided in any judgment in another court entered against the personal representative, allowed claims bear interest at the legal rate for the period commencing sixty days after the time for original presentation of the claim has expired unless based on a contract making a provision for interest,

in which case allowed claims bear interest in accordance with that provision.

We agree with the district court's conclusion that, under N.D.C.C. § 30.1–19–06(5), the Department's claim, like any other allowed claim, bears interest.

[¶ 5] Under N.D.C.C. § 30.1–19–06(5), interest on an allowed claim commences "sixty days after the time for original presentation of the claim has expired." When "the time for original presentation of the claim has expired" for claims arising before the death of a decedent,[1] is governed by N.D.C.C. § 30.1–19–03(1), which provides, in part:

> All claims against a decedent's estate which arose before the death of the decedent, including claims of the state ... if not barred earlier by other statute of limitations, are barred ... unless presented as follows:
>
> a. Within three months after the date of the first publication and mailing of notice to creditors if notice is given in compliance with section 30.1–19–01; provided, claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state.
>
> b. Within three years after the decedent's death, if notice to creditors has not been published and mailed.

[¶ 6] The Department contends the legislature used the word "and" disjunctively, rather than conjunctively, in the first phrase in N.D.C.C. § 30.1–19–03(1)(a), and the time for filing claims expires three months after either the notice to creditors is given or notice is published. Therefore, the Department asserts:

> The personal representative provided notice of Mr. Kiesow's death by mail to the Department on December 2, 1996. The time for the presentation of the Department's claim expired on March 2,

---

1. The obligation to repay medical assistance benefits arose "upon receipt of the benefits, i.e., prior to the decedent's death." *In re*

*Estate of Hooey*, 521 N.W.2d 85, 87 (N.D. 1994).

1997 (three months after the personal representative's notice). Therefore, the Department's claim should bear interest at six percent per annum beginning sixty days after March 2, 1997 which is May 1, 1997.

■ [¶ 7] The Department's argument assumes the information required by N.D.C.C. §§ 50–06.3–07 and 50–24.1–07 constitutes a "notice to creditors" under our probate code. Section 30.1–19–01, N.D.C.C., provides, in part:

> Unless notice has already been given under this section, a personal representative upon appointment may publish a notice to creditors whose identities are not reasonably ascertainable. . . . If the personal representative elects to publish a notice to creditors then, in addition to publishing the notice to creditors, the personal representative shall mail a copy of the notice to those creditors whose identities are known to the personal representative or are reasonably ascertainable and who have not already filed a claim. *The notice must announce the personal representative's appointment and address and notify creditors of the estate to present their claims within three months after the date of the first publication or mailing of the notice or be forever barred.*

[Emphasis added.] The copy of the petition commencing probate proceedings and list of legatees, surviving joint tenants, and heirs at law sent to the Department in accordance with N.D.C.C. §§ 50–06.3–07 and 50–24.1–07 is not a notice to creditors complying with N.D.C.C. § 30.1–19–01, and as the district court found, "[t]here is no record that the personal representative published a notice to creditors." Because a notice to creditors was neither mailed nor published, N.D.C.C. § 30.1–19–03(1)(a) does not apply in this case.

**2.** Because no notice to creditors was published, we need not decide whether the legislature used "and" disjunctively or conjunctively in N.D.C.C. § 30.1–19–03(1)(a), as an answer

[¶ 8] Because no notice to creditors was mailed or published, the time for original presentation of claims under N.D.C.C. § 30.1–19–06(5) was three years, under N.D.C.C. § 30.1–19–03(1)(b).[2] *In re Estate of Hooey*, 521 N.W.2d 85, 87 (N.D. 1994). Thus, under N.D.C.C. § 30.1–19–06(5), the Department's claim would not have begun to bear interest until three years and sixty days after Kiesow's death on October 22, 1996. We conclude the district court properly disallowed the Department's claim for interest.

[¶ 9] Affirmed.

[¶ 10] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 11] I agree that a copy of the publication commencing probate proceedings and list of legatees, surviving joint tenants, and heirs-at-law sent to the Department under N.D.C.C. §§ 50–06.3–07 and 50–24.1–07 is not a "notice to creditors" under the plain language of N.D.C.C. § 30.1–19–01. I also agree that no notice to creditors was given and that the three-year period for presentation of claims under N.D.C.C. § 30.1–19–06(5) applies. But, I do not understand why, when a personal representative decides no notice will be given, a creditor is not entitled to interest until three years and 60 days after the decedent's death but is entitled to interest within three months and 60 days of the notice when notice is given. While that is the plain language of the statute, which we are obliged to follow under N.D.C.C. § 1–02–02, it means a creditor may be denied interest by the inaction of the personal representative for over three years.

to that question is not necessary to a determination of this appeal. *See, e.g., In re S.R.A.*, 2000 ND 46, ¶ 8, 607 N.W.2d 575.

[¶ 12] We do not decide whether "and" means "or" in N.D.C.C. § 30.1–19–03(1)(a). Although I agree with the Department that "or" appears to be the logical meaning, logic does not always prevail in view of N.D.C.C. § 1–02–02. The Legislature is better able to determine what it meant than are we.

[¶ 13] Gerald W. Vande Walle, C.J.