In the ESTATE OF Wallace
G. JONES, Deceased.

State of Missouri, Department of
Social Services, MO HealthNet
Division, Respondent,

v.

Violet J. Knight and Tommy
Jones, Appellants.

No. WD 69310.

Missouri Court of Appeals,
Western District.

Jan. 13, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 3, 2009.

Application for Transfer Denied
May 5, 2009.

Amany Hacking, St. Louis, MO, for Appellants.

Paul Harper, Jefferson City, MO, for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., PAUL M. SPINDEN, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Violet J. Knight and Tommy Jones appeal the judgment of the probate court allowing a petition brought by the State of Missouri, Department of Social Services, MO HealthNet Division ("State") for an accounting under section 461.300[1] to recover Medicaid benefits provided on behalf of Wallace G. Jones ("Decedent"). On appeal, Knight and Jones claim the probate court erred in allowing the petition for accounting because: (1) the State has not amended the definition of "estate" in the Medicaid estate recovery statutes, sections 473.398 and 473.399,[2] to include nonprobate transfers, (2) the State is not a creditor under section 461.300, (3) even if the State is a creditor, it was required to amend its Medicaid State Plan or promulgate a rule regarding its interpretation of section 461.300, and (4) the State failed to notify Decedent that it would pursue nonprobate assets outside the definition of "estate" found in section 473.398. Knight and Jones's four points are denied, and the judgment of the probate court is affirmed.

**Factual and Procedural Background**

This appeal pertains to a petition brought by the State for an accounting under section 461.300 of a nonprobate asset transferred by Decedent to his children, Violet J. Knight and Tommy Jones. Decedent, who was a resident of Boone County, Missouri, died on November 9, 2003, at the age of 92. Upon Decedent's death, his home passed to Knight and Jones via a beneficiary deed Decedent had filed with the Boone County Recorder of Deeds on January 7, 2000. Because Decedent's home was his only asset, no estate was opened.

During his lifetime, Decedent received Medicaid nursing home benefits from the State. The application for benefits signed by Knight on behalf of Decedent stated, "I/We UNDERSTAND that the State of Missouri may file a claim against my/our estate to recover any assistance received." In order to recover the payments it made on behalf of Decedent, the State filed an Application of Interested Party for an Order to Require Supervised Administration with the probate court on October 19, 2004, requesting that a probate estate be opened. At that time, the State claimed that Decedent's estate owed the State $17,056.75 for Medicaid benefits it provided on behalf of Decedent. Because the probate court found there were no assets in Decedent's estate subject to administration, it denied the State's application.

The State then filed a writ of mandamus with this court, which ruled that an estate had to be opened prior to a determination of whether there were assets subject to administration. Letters of Administration for supervised administration were issued to Knight on October 4, 2005. With the consent of Jones, Letters of Administra-

---

1. All references to section 461.300 are to RSMo 2007.

2. All references to sections 473.398 and 473.399 are to RSMo 2007.

tion were re-issued on October 11, 2005, allowing independent administration, and naming Knight as personal representative of Decedent's estate. On October 5, 2005, the State sent a letter to Knight's attorney requesting that she initiate an action for accounting under section 461.300. After Knight refused to initiate the action for accounting, the State filed a petition for accounting with the probate court on November 10, 2005, seeking recovery of Medicaid benefits paid on behalf of Decedent in the amount of $22,226.24. The parties later stipulated that the value of the property at the time of transfer was $24,000.

On December 17, 2007, the probate court entered its judgment allowing the State's petition for accounting and its claim in the amount of $22,226.24, stating that Knight and Jones were liable to the estate. Knight and Jones filed this timely appeal.

### Standard of Review

Generally, the appellate court will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). However, because statutory construction is a question of law, the appellate court's review is de novo, and it gives no deference to the trial court's determination of law. *Mo. Highway & Transp. Comm'n v. Merritt*, 204 S.W.3d 278, 281 (Mo.App. E.D.2006).

### Point I

In their first point on appeal, Knight and Jones contend that the probate court erred in allowing the State's claim because there were no assets in Decedent's estate in that his only asset, his home, passed to Knight and Jones via a beneficiary deed. Knight and Jones further argue that because the State has not amended the definition of "estate" in section 473.398.1 to include nonprobate transfers, the State cannot recover its Medicaid benefits from a nonprobate transfer. Because Knight and Jones's first point on appeal deals with the structure of both the federal Medicaid Act and Missouri's Medicaid estate recovery program, we will first describe the interaction between these programs.

Medicaid is a cooperative federal-state program that "seeks to provide medical assistance to low-income individuals who are unable to meet the costs of their medical care." *Hutchings ex rel. Hutchings v. Roling*, 193 S.W.3d 334, 340 (Mo.App. E.D.2006). If a state chooses to participate in the Medicaid program, the federal government will supply financial assistance to aid that state in providing health care. *Id.* Once a state chooses to participate in the Medicaid program, "the state must comply with all federal statutory and regulatory requirements." *Id.* at 340–41. Missouri has chosen to participate in the Medicaid program, codifying its state program at section 208.001, RSMo Cum. Supp. 2008, et seq. The MO Health-Net Division within the Department of Social Services is authorized to promulgate rules and implement the provisions of Missouri's Medicaid program under section 208.001.3.

In compliance with federal law, Missouri has established an estate recovery program in order to recover the value of Medicaid benefits paid by the State from the estate of a deceased Medicaid recipient. *See* 42 U.S.C. § 1396p(b);[3]

---

**3.** Specifically, section 1396p(b)(1)(B) provides: "In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate, but only for medical assistance consisting of" certain enumerated services, such as "nursing facility services."

§ 473.398–.399.[4] According to section 1396p(b)(4)(A), a state's definition of "estate" must include at a minimum "all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law." Additionally, a state's definition of "estate" "may include, at the option of the State ... any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement." § 1396p(b)(4)(B). The State Medicaid Manual, provided by Centers for Medicare & Medicaid Services (CMS), instructs the state to "Specify in your State plan the definition of estate that will apply." State Medicaid Manual, § 3810 B.

Missouri's probate code defines "estate" as "the real and personal property of the decedent or ward, as from time to time changed in form by sale, reinvestment or otherwise, and augmented by any accretions and additions thereto and substitutions therefor, and diminished by any decreases and distributions therefrom." § 472.010(11), RSMo 2007. The definition of "estate" found in section 472.010(11) is also used in Missouri's Medicaid State Plan. Mo. State Plan, § 4.17, Attach. 4.17–A–3. Missouri's State Plan further notes that "Missouri's Medicaid estate recovery program is authorized by State law in the probate code. The State must pursue its claims against Medicaid decedent estates following the processes established by statute." Mo. State Plan, § 4.17, Attach. 4.17–A–5.

It is clear that Decedent's beneficiary deed was effective to transfer his home to Knight and Jones and that this nonprobate transfer disposed of Decedent's only asset. See §§ 461.025, 461.005(2), (7), RSMo 2007. Accordingly, Knight and Jones argue that because Missouri has not chosen to use the expanded definition of "estate," the State has no authority to make a claim against the nonprobate transfer. In its brief, the State admits that Missouri has not expanded the definition of "estate" to include nonprobate transfers and that the definition of "estate" in section 472.010(11) applies to this action, "as it does for all other creditors under § 461.300."

Additionally, Knight and Jones rely on two recent decisions from Missouri appellate courts, arguing that these decisions hold that the State cannot recover against certain property because it does not fall within the section 472.010(11) definition of "estate." See In re Estate of Bruce, 260 S.W.3d 398 (Mo.App. W.D.2008); In re Estate of Shuh, 248 S.W.3d 82 (Mo.App. E.D.2008). In the context of spousal recovery under the Medicaid Act, Bruce and Shuh both held that Missouri has not adopted the broader definition of "estate" allowed by section 1396p(b)(4)(B). See Bruce, 260 S.W.3d at 403; Shuh, 248 S.W.3d at 89. However, each of these cases has additional analysis pertaining to whether the State can recover Medicaid benefits under section 461.300, which is what the State seeks to do in this case. Therefore, the relevant issue is not whether Missouri has expanded its definition of "estate" for estate recovery purposes, but whether Missouri's estate recovery statutes allow the State to proceed under sec-

4. Section 473.398 provides: "Upon the death of a person, who has [received Medicaid benefits], the total amount paid to the decedent or expended upon his behalf ... shall be a debt due the state ... from the estate of the decedent. The debt shall be collected as provided by the probate code of Missouri, chapters 472, 473, 474 and 475, RSMo."

tion 461.300. This issue is addressed by Knight and Jones in their second point.

### Point II

In their second point on appeal, Knight and Jones contend that the probate court erred in allowing the State's claim because the State is not a creditor within the meaning of section 461.300 in that the State's claim did not arise until after the death of Decedent. It is also in this point that Knight and Jones argue that section 473.398 provides no authority for the State to recover under section 461.300.

Section 461.300.1 provides: "Each recipient of a recoverable transfer of a decedent's property shall be liable to account for a pro rata share of the value of all such property received, to the extent necessary to discharge ... claims remaining unpaid after application of the decedent's estate...." The obligation of the recipient may be enforced by an action for accounting brought by a qualified claimant. § 461.300.2. A "qualified claimant" includes a "creditor," which is in turn defined as "any person to whom the decedent is liable, which liability survives whether arising in contract, tort, or otherwise, and any person to whom the decedent's estate is liable for funeral expenses and the reasonable cost of a tombstone." § 461.300.10(1), (3). Finally, a "recoverable transfer" is defined in part as "a nonprobate transfer of a decedent's property under sections 461.003 to 461.081." § 461.300.10(4).

Knight and Jones argue that the State's avenues of recovery are limited by Missouri's estate recovery statute, which states "The debt shall be collected as provided by the probate code of Missouri, chapters 472, 473, 474, and 475, RSMo." § 473.398.1. Knight and Jones assert that

section 461.300 is not part of Missouri's probate code and that because section 461.300 is not specifically listed in section 473.398, the estate recovery statute, it follows that the State has no authority to recover its Medicaid payments under section 461.300.

Missouri's other appellate courts have both allowed petitions for accounting brought by the State under section 461.300. *See In re Estate of Hayden*, 258 S.W.3d 505 (Mo.App. E.D.2008); *In re Estate of Macormic*, 244 S.W.3d 254 (Mo. App. S.D.2008). While analyzing whether section 461.300 is substantive or procedural in nature, the court in *Hayden* found that section 461.300 "is part of the machinery for the collection of debts incurred after the passage of Section 473.398," thus implicitly acknowledging that section 473.398 allows for an estate recovery claim to be collected through a section 461.300 accounting action. *Hayden*, 258 S.W.3d at 514.

In evaluating whether the State had standing to file a petition for discovery of assets, the court in *Macormic* noted that "Section 473.398.1 gives the State the right to petition for the debt it is owed 'from the estate of the decedent.' Under section 473.398.1, then, the State has an interest in *any property* which could possibly be part of Decedent's estate...." *Macormic*, 244 S.W.3d at 259. Because beneficiary deeds are governed by section 461.025, Decedent's home is a recoverable transfer pursuant to section 461.300.[5] Under the analysis set forth in *Macormic*, the State has an interest in the home because it could possibly be part of Decedent's estate if a successful accounting action is brought under section 461.300. Furthermore, because the court in *Macormic* ultimately

---

5. Recall that a recoverable transfer includes any nonprobate transfer under section 461.003 to 461.081. § 461.300.10(4).

concluded that the State was entitled to file a petition for accounting under 461.300, the court recognized that a section 461.300 proceeding was a proper method for recovering from a Medicaid recipient's estate. *See Macormic,* 244 S.W.3d at 260.

Similarly, the cases cited by Knight and Jones do not entirely support the proposition that the State cannot recover under section 461.300 simply because Missouri has not adopted an expanded definition of "estate." *See In re Estate of Bruce,* 260 S.W.3d 398; *In re Estate of Shuh,* 248 S.W.3d 82. In *Bruce,* the court did not hold that the State could not recover under section 461.300 because the property at issue did not fall under Missouri's definition of "estate," but instead held that the State could not recover under section 461.300 because property owned as tenants by the entirety was not a recoverable transfer. 260 S.W.3d at 403. Correspondingly, the court in *Shuh* did not wholly prohibit the State from bringing an action under section 461.300, but instead held that, due to specific limitations within the statute, section 461.300 did not expand the definition of "estate" to include *all* non-probate transfers. 248 S.W.3d at 89. Nevertheless, any hesitation by the court in *Shuh* to allow a proceeding under section 461.300 has been eradicated, as evidenced by its allowance of a petition for accounting by the State in *Hayden. See Hayden,* 258 S.W.3d 505.

In addition to Missouri appellate court cases that have allowed the State to petition for an accounting, the state legislature itself has deemed a section 461.300 proceeding to be a proceeding under the probate code. § 461.300.7.[6] Various provisions of section 461.300 also provide that an action for accounting is filed in the name of the estate, the action may be filed in probate court, the sum recovered is a monetary judgment in the name of the estate, and any monetary judgment is to be administered by the personal representative of the decedent's estate. *See* § 461.300.2, .6, .7. Knight and Jones's argument focuses on the fact that section 473.398 states that the debt created by the extension of Medicaid benefits "shall be collected as provided by the probate code of Missouri, chapters 472, 473, 474, and 475, RSMo." Although Missouri's probate code consists of the chapters listed, and chapter 461 is not listed in section 473.398, the state legislature has obviously chosen to deem section 461.300 accounting actions as proceedings under the probate code. The several other aspects of section 461.300, listed above, also tend to show that the legislature characterizes section 461.300 accounting actions as proceedings under the probate code. Because the legislature indicated that section 461.300 actions should be treated as proceedings under the probate code and expressed no intent that such actions not be treated as proceedings under the probate code for the purposes of recovering Medicaid benefits, the language of section 473.398 does not preclude the use of section 461.300 to recover Medicaid benefits from Decedent's estate.

■ Even if section 473.398 does not preclude an accounting action under section 461.300, Knight and Jones assert that the State still cannot recover under section 461.300 because it is not a "creditor." Their argument centers on the language in section 461.300.10(1) defining a "creditor" as "any person to whom the decedent is liable, which liability survives whether arising in contract, tort, or otherwise," and the language in section 473.398, which provides that upon the death of a person who has received Medicaid benefits, there shall be a debt due the state from the dece-

---

**6.** Section 461.300.7 provides: "Any proceeding under this section . . . shall be deemed to be proceedings . . . under the probate code that are subject to section 472.013, RSMo."

dent's estate. Knight and Jones claim that section 473.398 only provides for the creation of a debt *after* the decedent's death, and that, therefore, the State cannot be a person to whom the decedent is liable during his lifetime, which liability survives.

As discussed earlier, the Eastern and Southern District appellate courts have already held that the State has standing as a creditor to bring an action for accounting under section 461.300 to recover debts from the estates of deceased Medicaid recipients. *See In re Estate of Hayden,* 258 S.W.3d 505 (Mo.App. E.D.2008); *In re Estate of Macormic,* 244 S.W.3d 254 (Mo. App. S.D.2008). Regarding the debt due from the deceased Medicaid recipient's estate, the Southern District held that "Such a debt necessarily survives the death of [a][d]ecedent in that section 473.398 specifically states it can be collected from the estate of [a][d]ecedent." *Macormic,* 244 S.W.3d at 260. In *Hayden,* the appellant did not argue that the State was not a creditor within the meaning of section 461.300, and, therefore, the Eastern District affirmed the judgment of the probate court allowing an action for accounting under section 461.300 without discussing whether a section 461.300 accounting action is a proper method for recovering Medicaid benefits from a deceased recipient's estate. 258 S.W.3d 505.

In addition to Missouri appellate court cases, cases from other states dealing with estate recovery characterize the debt as one created during the lifetime of the decedent. *See, e.g., Estate of Wood v. Ark. Dep't of Human Servs.,* 319 Ark. 697, 894 S.W.2d 573, 576 (1995) (noting that the relationship created after the enactment of the estate recovery statute "was as if [the recipient] had a loan from [the State] to be repaid from the assets of her estate"); *In re Estate of Burns,* 131 Wash.2d 104, 928 P.2d 1094, 1099 (1997) (ruling that "The precipitating event is, therefore, the re-

ceipt of the benefits giving rise to the contingent indebtedness, and not the creation of the decedent's estate"); *In re Estate of Hooey,* 521 N.W.2d 85, 87 (N.D. 1994) (finding that "Although the [State]'s ability to enforce the claim was tolled until [the recipient]'s death, the obligation [to repay] was incurred by [the recipient] during her lifetime"); *In re Estate of Reimers,* 16 Neb.App. 610, 746 N.W.2d 724, 728 (2008) (stating that "While the debt arising under [the estate recovery] statute accrues during the recipient's lifetime, it is held in abeyance for payment until the recipient's death.").

■ Finally, it is likely that the Missouri Supreme Court would determine that the State is a "creditor" within the meaning of section 461.300 based on its interpretation of the term "claim" in the context of Medicaid claims filed against a deceased recipient's estate. *See In re Estate of Thomas,* 743 S.W.2d 74 (Mo. banc 1988). In interpreting statutes, "it is appropriate to take into consideration statutes involving similar or related subject matter when such statutes shed light upon the meaning of the statute being construed, even though the statutes are found in different chapters and were enacted at different times." *Lane v. Lensmeyer,* 158 S.W.3d 218, 226 (Mo. banc 2005) (internal quotations omitted).

In *Thomas,* the Court dealt with a claim by the Missouri Department of Social Services for the reimbursement from a decedent's estate of medical payments made on behalf of the decedent. 743 S.W.2d at 75. In holding that the State's claim fell within the exemption for a claim by a taxing authority, the Court also concluded that an estate's liability under section 473.398 "is a 'claim' of the sort contemplated in probate which falls within the scope of sec. 472.010(3), RSMo 1986, defining 'claims' as 'liabilities of the decedent which survive whether arising in contract, tort or other-

wise.' " *Id.* at 77 (emphasis omitted). This language is still present in the current version of section 472.010 and is very similar to the language used to define a "creditor" in section 461.300.10(1). Because the language used is similar and both statutes involve definitions regarding the liability of a decedent, it is probable that the Missouri Supreme Court would interpret "creditor" much like it interpreted the term "claim" and would find that the State is a creditor for purposes of section 461.300.

Therefore, because a section 461.300 petition for accounting is a proceeding under Missouri's probate code and because the State qualifies as a "creditor" under section 461.300.10(1), the State may utilize section 461.300 to bring an action for accounting in the context of Medicaid estate recovery. Point two is denied.

## Point III

■ In their third point on appeal, Knight and Jones contend that the probate court erred in allowing the State's claim because even if the State is a creditor under section 461.300, the State failed to follow proper procedure when it did not amend the Missouri Medicaid State Plan and promulgate a rule.

■ A State Plan must be amended "whenever necessary to reflect . . . [a] material change in any phase of State law, organization, policy or State agency operation." 45 C.F.R. § 205.5. Knight and Jones argue that the State's interpretation of section 461.300 should have been promulgated as a rule in accordance with section 536.010(6), RSMo 2008.[7] "Any agency announcement of policy or interpretation of law that has future effect and acts on unnamed and unspecified facts is a 'rule.' " *Dep't of Soc. Servs., Div. of Med.*

*Servs. v. Little Hills Healthcare, L.L.C.,* 236 S.W.3d 637, 642 (Mo. banc 2007) (citing *NME Hosps., Inc. v. Dep't of Soc. Servs.,* 850 S.W.2d 71, 74 (Mo. banc 1993)). Knight and Jones argue that the State's attempt to recover against a nonprobate transfer comes within this definition of a rule.

Knight and Jones's contentions that the State Plan should have been amended and that a rule should have been promulgated are based on their assertion that the State's use of section 461.300 constitutes an expansion of the definition of "estate" for purposes of Medicaid estate recovery. This assertion is incorrect. Because our judgment that the State may recover under section 461.300 is founded on the definition of "estate" in section 472.010, no expanded definition of "estate" is necessary and, therefore, the State need not amend the State Plan or promulgate a rule.

A proceeding under section 461.300 is not an action to bring nonprobate assets into the probate estate, because the substance of section 461.300 "is a rule of liability, not of ownership." *Cook v. Barnard,* 100 S.W.3d 924, 927 (Mo.App. W.D.2003). Instead, a proceeding under section 461.300 allows the decedent's estate to recover the value of nonprobate assets when the assets already in the estate are insufficient to cover the claims of the decedent's creditors. *Id.* As discussed in the analysis of point two, the judgment recovered in a section 461.300 action for accounting is a monetary judgment for the value of the nonprobate asset, which becomes part of the decedent's estate as defined by section 472.010(11). This monetary judgment is then distributed by the personal representative, just as all other assets in the estate are distributed.

---

7. Section 536.010(6) defines a "rule" as "each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice requirements of any agency."

Because the judgment recovered under a section 461.300 proceeding is an asset of the estate as defined by section 472.010(11), the definition of "estate" to which all creditors remain subject, no expanded definition of "estate" is necessary. Therefore, there has been no material change in Missouri's definition of "estate," and the State may proceed under section 461.300 without amending Missouri's Medicaid State Plan. Point three is denied.

## Point IV

In their fourth point on appeal, Knight and Jones contend that the probate court erred in allowing the State's claim because the State failed to give Decedent sufficient notice of the State's estate recovery program in that the State did not inform Decedent that it would pursue assets outside Missouri's definition of a decedent's estate.

The State Medicaid Manual issued by CMS states, "You should provide notice to individuals at the time of application for Medicaid that explains the estate recovery program in your State." State Medicaid Manual, § 3810 G.1, Medicaid Estate Recoveries. In the application for Medicaid benefits that Knight signed on behalf of Decedent, there is a provision that states: "I/We UNDERSTAND that the State of Missouri may file a claim against my/our estate to recover any assistance received."

Again, Knight and Jones base their argument regarding lack of notice on the contention that the State is pursuing nonprobate assets. As discussed in point three, Knight and Jones's argument is flawed because the State's action under section 461.300 does not bring nonprobate assets into the estate but, rather, allows the State to recover the value of Medicaid benefits received by Decedent in the form of a monetary judgment from Decedent's estate. Furthermore, Missouri's estate recovery statutes give the State "an interest in *any property* which could possibly be part of Decedent's estate." *Macormic,* 244 S.W.3d at 259.

Under federal law, a state's definition of "estate" for Medicaid estate recovery purposes is drawn from that state's probate law. *See* 42 U.S.C. § 1396p(b)(4)(A). Pursuant to section 461.300, which the legislature considers to be part of the probate code, recipients of nonprobate transfers may be liable to the estate of a decedent when the decedent's estate is insufficient to satisfy the claims of the decedent's creditors. Section 461.300 makes it possible for the value of nonprobate transfers to become an asset of the "estate," as it is defined by section 472.010(11) for estate recovery purposes. Because it is possible for the value of nonprobate transfers to become an asset of the estate, the State has an interest in that property. Therefore, since the State has an interest in any property that may become part of the estate and section 461.300 allows for the value of nonprobate transfers to become a part of Decedent's estate, the notice provided by Missouri's Medicaid application is sufficient. Point four is denied.

## Conclusion

As a creditor within the meaning of section 461.300, the State is entitled to bring a petition for accounting to recover the value of a nonprobate asset Decedent transferred to Knight and Jones. In addition, the State's utilization of section 461.300 does not necessitate an amendment to Missouri's Medicaid State Plan, and the State's Medicaid application gives sufficient notice of its estate recovery program. The judgment of the probate court is affirmed.

All concur.